﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 191127-46250
DATE: July 31, 2020

ORDER

Service connection for post-traumatic stress disorder (PTSD) is granted.

FINDING OF FACT

The Veteran was diagnosed with PTSD by a VA psychologist in accordance with DSM-5 criteria. The psychologist reported the Veteran’s stressor to be related to his fear of hostile military or terrorist activity, which was consistent with the Veteran’s military service. 

CONCLUSION OF LAW

The criteria for service connection for PTSD have been met. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. §§ 3.303, 3.304(f).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the U.S. Army from February 1974 to February 1977, and from January 1979 to January 1983.

A rating decision was issued under the legacy system in September 2018. In February 2019, the Veteran opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a Rapid Appeals Modernization Program (RAMP) election form and selecting the higher-level review (HLR) lane. The agency of original jurisdiction (AOJ) issued a RAMP supplemental claim decision in February 2019, rather than an HLR decision, due to an error in their duty to assist with gathering evidence in support of the Veteran’s appeal. 

In the November 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the RAMP supplemental claim decision on appeal. 38 C.F.R. § 20.301.

Service Connection for PTSD

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303.

Service connection requires competent evidence showing: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Service connection for posttraumatic stress disorder requires (1) medical evidence diagnosing the condition in accordance with § 4.125(a); (2) a link, established by medical evidence, between current symptoms and an in-service stressor; and (3) combat status or credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. § 3.304(f).

If a stressor claimed by a Veteran is related to the Veteran’s fear of hostile military or terrorist activity and a VA psychiatrist or psychologist, or a psychiatrist or psychologist with whom VA has contracted, confirms that the claimed stressor is adequate to support a diagnosis of PTSD and that the Veteran’s symptoms are related to the claimed stressor, in the absence of clear and convincing evidence to the contrary and provided the claimed stressor is consistent with the places, types, and circumstances of the Veteran’s service the Veteran’s lay testimony alone may establish the occurrence of the claimed in-service stressor. “Fear of hostile military or terrorist activity” means that a Veteran experienced, witnessed, or was confronted with an event or circumstance that involved actual or threatened death or serious injury, or a threat to the physical integrity of the Veteran or others. 38 C.F.R. § 3.304(f)(3).

The Veteran asserts that he has PTSD that is related to his active military service. In a statement submitted by the Veteran in August 2018 he reported an incident that related to his time serving in Korea. He reported that there was always a constant threat along the Korean DMZ, especially around the holidays. He was on guard 24/7 for potential chemical attacks and being overrun by the North Koreans especially during the holidays when many military members were drunk/incapacitated. Thus, the Veteran was provided with VA examinations. 

At the August 2018 VA examination, the Veteran was provided with a diagnosis of PTSD by a VA psychologist that was in accordance with DSM-5 criteria. The examiner noted that while the Veteran was in Korea he was sent to the DMZ and when a Korean approached him it caused a strong emotional reaction. The examiner reported the Veteran’s stressor to be related to his fear of hostile military or terrorist activity. The examiner opined that it was at least as likely as not (50 percent or greater probability) that the Veteran’s PTSD was incurred in or was caused by the Veteran’s reported stressors while deployed to Korea. The examiner rationalized that there was no clear and unmistakable evidence to suggest the Veteran’s condition existed prior to service, and the Veteran’s claimed stressors were consistent with the circumstances, conditions, or hardships of his service. The Veteran’s service is confirmed by his DD214. 

(Continued on the next page)

 

Based upon the foregoing, service connection for PTSD is warranted, and the claim is granted.

 

 

MATTHEW W. BLACKWELDER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Lutgens-Staley, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.